UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                          :
MARTHA SALAZAR,                                           :        03 CV 4176 (ARR)
                                                          :
                              Plaintiff,                  :        <u>NOT FOR ELECTRONIC</u>
                                                          :        <u>OR PRINT</u>
            -against-                                     :        <u>PUBLICATION</u>
                                                          :
JO ANNE BARNHART, COMMISSIONER OF SOCIAL  :               <u>OPINION AND ORDER</u>
SECURITY,                                                 :
                                                          :
                              Defendant.                  :
                                                          :
------------------------------------------------------------------- X
ROSS, United States District Judge:

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking review of the

Commissioner of Social Security's (the "Commissioner") decision to deny plaintiff disability

insurance benefits. By order dated October 28, 2004, the court reversed the Commissioner's

decision and remanded the case for further proceedings. After a new hearing, the Social Security

Administration found plaintiff disabled within the meaning of the Social Security Act (the "Act")

and awarded her retroactive benefits beginning April 2000, including children's benefits.

Plaintiff's attorney now seeks an award of $22,464.00 in attorney's fees, representing 25 percent

of the past due benefits awarded to plaintiff, on the basis of a contingency agreement.[1] In

addition, plaintiff's attorney obtained plaintiff's consent to this award. The Commissioner

recommends that the fee award be reduced on the grounds that counsel failed to apply for fees

---

[1]        Although the plaintiff's attorney in his brief seeks an award of $22,484.00, the Commissioner
correctly points out that the amount which represents 25% of the total benefits awards is $22,464.00. <u>See</u>
Memorandum of Law in Response to Plaintiff's Motion for Attorney Fees (hereinafter "Commissioner's Response"),
at 3, n.2.

1

under the Equal Access to Justice Act and that the requested award would yield a windfall to counsel. For the reasons stated below, the application for a fee award is granted in part.

## BACKGROUND

Plaintiff applied for Social Security disability insurance benefits ("DIB") on August 21, 2000, alleging disability since November 1, 1999 due to injuries to her back and neck. During her initial claim, plaintiff retained the law firm of Binder & Binder to represent her and signed a retainer agreement providing for a contingency fee of 25 percent of back benefits awarded. See Binder Affirm. ¶ 1. Plaintiff's application was initially denied; in October of 2001 she appeared before Administrative Law Judge Sol Wieselthier (the "ALJ"), who also concluded that she was ineligible to receive DIB. Id. at ¶ 2. In June of 2003, the Appeals Council denied Ms. Salazar's request for review, and the ALJ's findings thus became the final decision of the Commissioner. Id. at ¶ 4. Plaintiff next initiated an appeal to this court, which remanded the case for further proceedings. The ALJ held a supplemental hearing in July of 2005, and by written decision found the plaintiff disabled within the meaning of the Act. See id. at ¶ 4. Plaintiff's attorney represented her throughout all of the proceedings outlined above.

In accordance with a later dated February 2006, the Social Security Administration ("SSA") awarded plaintiff disability benefits beginning April 2000 through January 2006 and withheld $13,073.50 for attorney's fees, which represented twenty-five percent of the past due benefits awarded. See id. at Ex. A.[2] The SSA also awarded plaintiff child's benefits for each of

---

[2]     The SSA did not actually award plaintiff DIB under the February 2006 letter; instead, it withheld all of the amount of past-due benefits pending adjustments for supplemental security income the plaintiff may have received in the period of the past-due DIB. However, under the terms of the Act, attorney's fees are calculated on the basis of the past-due benefits awarded without considering the possible adjustments for supplemental security income. See 42 U.S.C. §§ 406(a)(4), 406(b)(1)(B)(ii).

her two children, and withheld $4,578.25 and $4,812.25 from each award for attorney's fees, which again represented twenty-five percent of each child's benefit. See id. at Ex. B, Ex. C. The total amount thus withheld for attorney's fees amounts to $22,464.00.

## DISCUSSION

The Social Security Act provides that a court may award an attorney who represents a prevailing claimant in a social security case "a reasonable fee . . . not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b).[3] In determining whether to award fees, a district court looks first to the contingent fee agreement between the parties. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-08 (2002). If the fee agreement provides for a fee within the 25 percent cap, as it does here, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 608. The court must be mindful that "a contingency fee is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). The contingency fee agreement is therefore subject to some deference. Id. at 372. At the same time, "contingent fee arrangements cannot simply be adopted as per se reasonable in all social security cases," id. at 371; rather, if the parties have entered into a contingency fee agreement the reviewing court must give deference to the intent of the parties in making a reasonableness determination, but must also "consider whether there has been fraud or overreaching in making the agreement, and whether the

---

[3]     Such an award is available under 406(b) when the court remands the case for further proceedings. See, e.g., Rose v. Barnhart, 2007 U.S. Dist. LEXIS 12775, at *11 (S.D.N.Y. Feb. 16, 2007).

requested amount is so large as to constitute a windfall to the attorney." Id. at 372.

In addition to the contingency fee agreement, in making a determination as to reasonableness or in considering whether to make a downward adjustment, courts should consider factors such as (1) "the character of the representation and the results the representative achieved," Gisbrecht v. Barnhart, 535 U.S. at 808, and (2) whether "the benefits are large in comparison to the amount of time spent on a case," id. Although the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable or large given the time spent on the case. Id. In addition, while the court can only award § 406(b) fees for representation of the plaintiff before this court, the work performed by the attorney at the agency level is relevant insofar as it assists the court in understanding "the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005); see also Joslyn v. Barnhart, 389 F. Supp. 2d 454, 457 (W.D.N.Y. 2005).

As a threshold matter, it should be noted that in this case the parties entered into a contingency fee agreement that gives the plaintiff's lawyer 25 percent of any past-due benefits obtained for the plaintiff, and that the plaintiff has, after the successful completion of her case, consented to awarding this amount to her lawyer. See Binder's Aff. Ex. D. Plaintiff would have this court adopt such contingency agreement coupled with the subsequent consent as determinative that the fee is reasonable, citing Arbor Hill Concerned Citizens Neighborhood Assoc. v. Albany, 493 F.3d 110 (2d Cir. 2007), for this proposition. Arbor Hill deals with attorney's fees granted under the Voting Rights Act of 1965, codified at 42 U.S.C. § 1973, and

4

answers the question of whether a district court may use an out-of-district hourly rate in performing a lodestar calculation for determining what amount is presumptively reasonable. Arbor Hill is different from Social Security fee cases for at least two reasons: first, under the Act, the fee award comes out of the plaintiff's total award whereas under the Voting Rights Act the attorney's fees awarded are independent from any other relief the plaintiff may have obtained in the litigation, see 42 U.S.C. § 1973l(e); second, Gisbrecht established that courts shall no longer use the lodestar method in determining fees in Social Security cases, whereas courts were still using that method to a degree in Voting Rights Act cases, as Arbor Hill indicates. Moreover, Second Circuit precedent establishes that in a Social Security case a contingency fee agreement cannot be viewed as per-se reasonable. Wells, 902 F.2d at 371. Even though it is true that the Second Circuit has expressed a clear preference for respecting the parties' intention in fixing fee agreements, and that it has given particular weight to the decision a "reasonable, paying client" would make, Arbor Hill, 493 F.3d at 120, there is nothing in the case law to support plaintiff's position that a contingency fee agreement coupled with a subsequent consent by the client terminates this court's responsibility to perform a reasonableness inquiry based on the appropriate factors.

We turn then to the specific factors courts have considered in determining whether a fee award is reasonable. In this case, plaintiff's attorney represented plaintiff extensively for over five years, including in two hearings before ALJs, an appeal to the Appeals Council, and one federal court appeal. The results the representative achieved were no doubt positive for the plaintiff: after years of proceedings before the SSA, she will receive an award of past-due benefits from April 2000 to January 2006 of almost $90,000, based on the amount of attorney's

fees withheld. This amount is not insignificant for a claimant who has been unable to work because of her disabilities. Plaintiff will also continue to receive these benefits long after Mr. Binder's representation has terminated, and for as long as she remains disabled (or, in the case of the children's benefit awards, until they reach the age of majority). On the whole, Mr. Binder's performance on behalf of his client was commendable and doubtless assisted his client in achieving a positive result after many years of litigation.

The amount of fees the plaintiff's attorney asks for is large but not outside the range of fees granted by other courts in this circuit. Plaintiff's attorney worked for 34.25 hours in representing plaintiff in this court, Binder Affirm. Ex. E, which amounts to an hourly rate of $655.88 based on the $22,464.00 withheld by the SSA. Courts in this circuit have approved contingency fee awards that significantly exceed market rates and that are both higher and lower than the fees the plaintiff's attorney asks for in this case. See, e.g., Morro v. Barnhart, No. 02 Civ. 4265 (CBA) (VVP) (E.D.N.Y. April 25, 2006) (adopting magistrate judge recommendation that $30,782.30 be awarded for 41.5 hours in federal court, which amounts to an hourly rate of $741.74); Joslyn v. Barnhart, 389 F.Supp.2d 454, 457 (W.D.N.Y. 2005) (awarding $38,116.50 in fees for 42.75 hours before that court, amounting to $891.61 per hour); Maier, 1998 WL 401536, at *2 (approving a fee award of $17,317.50, which was equivalent to an hourly fee of $ 438.42 for 39.5 hours of time expended); Boyd v. Barnhart, No. 97 Civ. 7273, 2002 U.S. Dist. LEXIS 26690, at *3, *7 (E.D.N.Y. Nov. 4, 2002) (approving contingency fee award of $5,232.00 for 11.5 hours of work in district court, the equivalent of $454.96 per hour).

The Commissioner opposes the plaintiff's petition arguing that an hourly fee of $655.88 constitutes a windfall to the plaintiff's lawyer. See Commissioner's Response at 2. The only

6

argument the Commissioner advances for this proposition is that this court had in another case reduced a fee from the equivalent of an hourly rate of $1,334.17 to $447.76 per hour. See id. Cf. Benton v. Commissioner, No. 03 Civ. 3154, 2007 WL 2027320, at *2 (E.D.N.Y. May 17, 2007). The Commissioner does not argue, nor could she, that there was fraud or overreaching in the contingency fee agreement; nor could the Commissioner argue that Mr. Binder's representation in this case was sub-par. Rather, the Commissioner simply states that the fee is a windfall based on the hourly rate it represents, which is tantamount to substituting the reasonableness inquiry for the lodestar calculation, which has been disfavored since Gisbrecht. The argument is thus unavailing.

The court has considered the amount and quality of the representation provided in this case in determining the reasonableness of the proposed fee award. These factors give rise to no reason to disturb the parties' agreement in this case as unreasonable.

Turning finally to the source of the award, the last factor in determining reasonableness, a portion of the attorney's fees counsel has requested comes out of the child benefits awarded to each of plaintiff's two children. At least one court has reduced attorney's fees in the amount that comes out of children's benefits noting that such awards are almost automatic once the adult claimant has been found to be entitled to past benefits. See Shackles v. Barnhart, No. 04 Civ. 0822, 2006 WL 680960, at *2 (E.D.Pa. Mar. 15, 2006). Other courts, however, have for the most part ignored the existence of children's benefits in making a determination as to whether a fee is reasonable. See, e.g., Claypool v. Barnhart, 294 F.Supp.2d 829, 832 (S.D.W.Va. 2003) (granting attorney's request for fees without considering effect on fees of children's award); Thompson v. Barnhart, No. 97 Civ. 00038, 2003 WL 24131170 (W.D.Va. Sept. 03, 2003)

(reducing attorney's fees as a windfall without considering effect on fees of children's award);
see generally Ellick v. Barnhart, 445 F.Supp.2d 1166 (collecting post-Gisbrecht cases).

The Act provides that when a claimant is entitled to DIB, his or her dependent children are also entitled to benefits under certain circumstances. 42 U.S.C. § 402(d). Although the entitlement follows immediately from the parent's entitlement, it is not completely "automatic." See Shackles, 2006 WL 680960 at * 2. At the very least, the petitioner must file a separate claim for the child to receive the benefits. See 42 U.S.C. § 402(d)(1). The petitioner may also be required to prove the child's dependency if the child is not presumed dependent by the statute. See 42 U.S.C. § 402(d)(3).

To assess a claim for attorney's fees based on children's benefits, it is also relevant that whatever work Mr. Binder did to obtain the children's benefits was not work done directly before this court, a pre-requisite for a grant of attorney's fees under § 406, see 42 U.S.C. § 406(b)(1)(A), although, as noted, courts consider work done before the SSA as part of the reasonableness inquiry as it speaks to the complexity of the case. See, e.g., Mudd, 418 F.3d at 428. On the other hand, the work plaintiff's lawyer did before this court to obtain plaintiff's DIB was a necessary first step in obtaining child benefits before the SSA, and without counsel's efforts such benefits would not have been realized by the plaintiff. Balancing these considerations suggests that, though counsel should be awarded some attorney's fees based on money the client received from the SSA as children's benefits, granting the full extent of a 25-percent award based on children's benefits would amount to a windfall to the attorney.

Unfortunately, there is no uniform clear guidance in the post-Gisbrecht case law as to how a court should fix the amount of fees it considers to be reasonable when doing a reduction in

8

the requested fees. See generally Ellick, 445 F.Supp.2d at 1172. This is perhaps an unfortunate side-effect of abandoning the lodestar method. See Gisbrecht v. Barnhart, 535 U.S. at 809-10 (2002) (Scalia, J., dissenting). Nevertheless, this court must award an amount which it considers to be reasonable given the factors analyzed above. As mentioned before, this court finds no reason to view the award of a 25 percent attorney's fee based solely on the plaintiff's DIB as unreasonable; accordingly, the $13,073.50 award will not be disturbed. As for the award based on the children's benefits, this court finds that, given that no significant amount of work was required in this case to procure those benefits for the plaintiff, and that the work required to secure those benefits was not work done before the court, an award of one-half of the requested amount is reasonable; accordingly, an additional $4,695.25 in attorney's fees is awarded.

The reasonableness determination does not, however, end the inquiry. As the Commissioner points out, another aspect of Mr. Binder's representation does raise a concern: he did not apply for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which provides for another avenue of relief for an attorney representing a plaintiff before the government in administrative proceedings. Fees obtained by an attorney under EAJA come out of the government's pocket, rather than the social security claimant's. See 42 U.S.C. § 2412(d)(1)(A); Taylor v. Heckler, 608 F. Supp. 1255, 1259 (D.N.J. 1985). Moreover, any fees obtained under EAJA in excess of the 25% cap on attorney's fees under the Act are returned to the plaintiff; in other words, an EAJA award effectively increases the money a social security claimant will take home after all attorney's fees are paid. For this reason courts have lowered attorney's fees awards under the Act when an attorney has failed to request fees under EAJA. See Losco v. Bowen, 638 F. Supp. 1262, 1268 (S.D.N.Y. 1986) ("[c]ounsel's unsupported fee

application is particularly inappropriate in light of his lapsed opportunity to petition the Secretary

for fees under the EAJA rather than seeking them from his client."); Taylor v. Heckler, 608 F.

Supp. 1255, 1257 (D.N.J. 1985) ("[f]ailure to seek fees from the government, rather than the

client, clearly affects both the quality of counsel's performance and the result achieved,

particularly if there is a substantial likelihood that the government could be held responsible for

the payment of those fees.").

An application for fees under EAJA is now time barred. See 28 U.S.C. § 2412(d)(1)(B)

("[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment

in the action, submit to the court an application for fees . . . ."). "While the court does not decide

whether an award would have been granted, an application for fees under [EAJA] would have

been appropriate in light of the court's finding" of clear administrative errors, such as the failure

to develop the record by seeking a diagnosis from plaintiff's treating physician. See Garber v.

Heckler, 607 F. Supp. 574, 576 (E.D.N.Y. 1985). Although not now deciding an EAJA

application, the court takes plaintiff's attorney's failure to make what would have been a

colorable application into account in determining the reasonableness of his 406(b) request and,

accordingly, reduces the 406(b) request by the amount obtainable under EAJA. See Losco v.

Bowen, 638 F. Supp. 1262, 1268 (S.D.N.Y. 1986) ("[h]aving foregone an opportunity to seek

fees from the Secretary under the EAJA, counsel will not be permitted to obtain a bonus for that

shortcoming in the form of a premium fee deducted from his client's past-due benefits."); see

also Benton v. Commissioner, No. 03 Civ. 3154, 2007 WL 2027320, at *2 (E.D.N.Y. May 17,

2007) (reducing 406(b) award by the amount of EAJA fees which would have been awarded); cf.

Garber v. Heckler, 607 F. Supp. 574, 576 (E.D.N.Y. 1985) (limiting 406(b) award to amount

10

obtainable under EAJA). For present purposes, the court calculates this amount to be $4,281.25.[4]

Based on its review of the record, the court finds that a fee award in the full amount of 25-percent of the plaintiff's benefits would amount to a windfall for plaintiff's attorney insofar as it incorporates attorney's fees on all of the children's benefits as well as the plaintiff's DIB. The court finds that an award of $17,768.75 would adequately compensate Mr. Binder for the time spent on this case before this court and for the risks he accepted in undertaking representation of plaintiff. Further, an award of fees of this sum—amounting to an hourly rate of $518.80—satisfies the underlying policy goal of enabling social security claimants to secure quality legal representation. However, as discussed, to encourage attorneys representing Social Security claimants to bring colorable EAJA applications, the court deducts from this amount $4,281.25, resulting in an award of $13,487.50.

## CONCLUSION

The court grants plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) in part and awards $13,478.50 in fees to plaintiff's attorney.

SO ORDERED.

s/ Judge Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated: September 4, 2007
Brooklyn, New York

---

[4]      This reflects an hourly rate of $125 for 34.25 hours of work in this court. EAJA allows attorney's fees under 28 U.S.C. § 2412(d) not "in excess of $125 per hour." § 2412(d)(2)(A)(ii).

SERVICE LIST:

Attorney for Plaintiff
Charles E. Binder
Binder and Binder
215 Park Avenue South
6th Floor
New York, NY 10003


Attorney for Defendant
Leslie Brodsky
Assistant United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, NY 11201